UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
William Mackin, Esq.
106 N. Broad Street
Woodbury, NJ 08096
(856) 848-2152
bill.mackin@verizon.net
Counsel for Debtors/Plaintiffs

| | |
|---|---|
| In Re:<br><br>Domenic G. Zarrella, Sr.<br>Christy L. Zarrella<br><br>_____<br><br>Domenic G. Zarrella, Sr.<br>Christy L. Zarrella<br>      Plaintiffs<br><br>v.<br><br>Tower DBW REO, LLC<br>      Defendants | Chapter 13<br><br><br>Case No.: 15-16385 (ABA)<br><br>Adv. No.: 15-TBA<br><br><br>Judge: Andrew B. Altenburg, Jr. |

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

Debtors Domenic G. Zarrella, Sr. and Christy L. Zarrella ("Plaintiffs"), by way of Complaint against Tower DBW REO, LLC ("Defendant"), state as follows:

### PARTIES

1.  Plaintiffs, residing at 49 Vaughn Avenue Bellmawr, New Jersey 08031, are the Debtors in the above captioned bankruptcy case having filed a voluntary Chapter 13 petition on April 9, 2015 (the "Petition Date").

2.  Defendant is, upon information and belief, a New Jersey limited liability company with a business address of 10 N. Park Place, Suite 300, Morristown, New Jersey 07960.

### JURISDICTION AND VENUE

3.  This is an adversary proceeding instituted pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

4.   This Court has jurisdiction over this adversary proceeding and the claims asserted herein pursuant to 28 U.S.C. § 1334 and the District Court for the District of New Jersey Standing Order of Reference dated July 23, 1984 as amended by the District Court for the District of New Jersey Standing Order of Reference dated September 18, 2012.

5.   This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

6.   Venue properly lies in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## COUNT I - 11 U.S.C. § 548

7.   Among the assets listed on the Debtor's bankruptcy schedules is an interest in a parcel of real estate identified as 49 Vaughn Avenue Bellmawr, New Jersey 08031 (the "Property").

8.   The Debtors acquired title to the Property, as tenants by the entireties, for $127,500 by way of deed dated September 3, 2010 which deed was recorded on September 15, 2010 in the Camden County Register of Deeds Office in Deed Book 928 at Page 368.

9.   Since acquisition the Debtors and their 3 minor children have continually resided in the Property as their primary residence.

10.  On or about June 16, 2011 Defendant purchased a tax sale certificate for $1,303.10 carrying 0% for past due real estate tax assessments against the Property by the Borough of Bellmawr (the "Tax Sale Certificate").

11.  On or about January 23, 2014, Defendant filed a complaint in the Superior Court of New Jersey, Camden County, Chancery Division bearing Docket No. F-003966-14 to foreclose on the amounts due under the Tax Sale Certificate and real estate taxes and liens subsequently paid by the Defendant (the "Foreclosure Complaint").

12.  The total amount asserted to be due to the Defendant in the Foreclosure Complaint was $31,546.00.

13. By way of deed dated November 6, 2014, title to the Property was conveyed to Defendant which deed was recorded on December 3, 2014 in the Camden County Register of Deeds Office in Deed Book 10111 at Page 926.

14. At the time of this transfer, the assessed value of the Property was $157,500 being substantially more than the $31,546.00 amount due to Defendant.

15. At the time of this transfer there were no mortgage liens encumbering the Property such that the Plaintiffs' net equity in the Property, above and beyond the amounts owed to Defendant, exceeded $120,000.

16. Plaintiffs received less than reasonably equivalent value for the transfer of the Property to Defendant.

17. Plaintiffs were insolvent at the time the Property was transferred or the transfer rendered Plaintiffs insolvent.

18. The transfer of the Property to Defendant occurred within the two years prior to the Petition Date.

19. The transfer of the Property to Defendant was not a voluntary transfer of the Property by the Plaintiffs.

20. The Plaintiffs did not and have not have concealed the Property.

21. The chapter 13 trustee has not attempted to avoid the transfer of the Property to Defendant.

22. Pursuant to 11 U.S.C. § 522(h) Plaintiffs are entitled to exercise the avoidance power usually used by the trustee under 11 U.S.C. § 548.

23. Pursuant to 11 U.S.C. §§ 522(d)(1) and (5), the Property transferred to Defendant is of a kind that Plaintiffs would have been able to exempt.

24. Plaintiffs intend to use the Property to fund their chapter 13 case and plan either by using the

Property as collateral to secure loans to fully fund the plan or by selling the Property and using the sale proceeds to fully fund the plan. Unless the relief requested herein is granted creditors other than Defendant will be deprived of full payment and Plaintiffs will lose their substantial equity in the Property without having received reasonably equivalent value from Defendant.

25. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, Plaintiffs demand judgment:

a) setting aside the transfer pursuant to 11 U.S.C. § 548(a)(1)(B);

b) recovering the Property on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551;

c) compelling Defendant to take all steps necessary to restore title to Plaintiffs within 30 days from the entry of judgment; and

d) such further relief as is just property and equitable.

### COUNT II - 11 U.S.C. 544(b) and N.J.S.A. 25:2-27(a)

26. Plaintiffs repeat and re-allege paragraphs 1-25 as if fully set forth herein.

27. Pursuant to 11 U.S.C. § 522(h) Plaintiffs are entitled to exercise the avoidance power usually used by the trustee under 11 U.S.C. § 544.

28. Pursuant to 11 U.S.C. § 544(b)(1) a trustee may avoid any transfer of an interest of the debtor in property that is voidable under applicable law by a creditor holding an unsecured claim allowable under section 502 of the Bankruptcy Code.

29. Pursuant to N.J.S.A. 25:2-27(a) a transfer is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became

insolvent as a result of the transfer.

30. Pursuant to N.J.S.A. 25:2-31 a transfer avoidable under 11 U.S.C. N.J.S.A. 25:2-27(a) is avoidable within four years after the transfer was made.

31. The transfer of the Property to the Defendant was made less than 4 years prior to the Petition Date.

32. By reason of the foregoing, said transfer is voidable pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-27(a).

**WHEREFORE**, Plaintiffs demand judgment:

a) setting aside the transfer pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-27(a);

b) recovering the Property on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 550 and 551;

c) compelling Defendant to take all steps necessary to restore title to Plaintiffs within 30 days from the entry of judgment; and

d) such further relief as is just property and equitable.


Date:  April 10, 2015

/s/ William Mackin
**William Mackin, Esq**.
106 N. Broad Street
Woodbury, NJ 08096
(856) 848-2152
bill.mackin@verizon.net
*Counsel for Debtors/Plaintiffs*